Hon.
Civil Action File No.

John Campbell, Esq.
Office of the Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. 212-337-2111
JC (2125)

SOL:JC
(06)03007



07 CIV 4843

UNITED STATES DISTRICT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
ELAINE L. CHAO, Secretary of Labor,             :
United States Department of Labor,
                                                 :
                Plaintiff,                       :   Civil Action File
                                                 :   No.
        v.
                                                 :   COMPLAINT
ORBITEX FINANCIAL SERVICES GROUP, INC
401(K) PLAN,                                     :
                Defendant.
-----------------------------------------------------------------------

1.      This cause of action arises under the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought to enjoin acts and practices which

violate the provisions of Title 1 of ERISA, and to obtain other appropriate equitable relief to

redress violations and enforce the provisions of that Title pursuant to section 502(a)(5).

Jurisdiction, Parties and Venue

2.      Jurisdiction over this action is conferred upon the Court by section 502(e)(1) of

ERISA, 29 U.S.C. § 1132(e)(1).

3.      Orbitex Financial Services Group, Inc. 401(k) Plan (hereafter "the Plan") is an

employee benefit plan within the meaning of § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan

was sponsored by Orbitex Financial Services Group, Inc. (hereinafter "Orbitex"), an employer of employees covered by the Plan and the last known address was 410 Park Avenue, 18th Floor, New York, New York 10022. This Plan has been without a trustee since about February 2006, when the Trustees abandoned the Plan and failed to terminate the Plan and effectuate the distribution of assets.

4. Venue for this action lies in the Southern District of New York where the plan sponsor was located, pursuant to § 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

## Factual Allegations

5. To the best of the Secretary's knowledge, information and belief, Thomas Bachmann, Paul Moss, Mitchell Appell, Jeffrey Connors, and Teresa Knox (hereinafter "Trustees") were the Trustees of the Plan and were fiduciaries to the Plan with responsibilities for its day-to-day management and operation.

6. To the best of the Secretary's knowledge, information and belief, the Trustees stopped performing their fiduciary duties without ensuring the appointment of a new fiduciary to oversee the distribution of the Plan's assets.

7. To the best of the Secretary's knowledge, information and belief, no individual or entity has taken fiduciary responsibility for the operation and administration of the Plan and its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

8. The Plan has not been formally terminated.

9. On information and belief, no one has been actively managing the Plan or its assets. As a result, the Plan's participants and beneficiaries have been unable to gain access to or information about their individual account balances.

10. On information and belief, the custodian of funds is MG Trust Company LLC (hereinafter "MG Trust"). To the best of the Secretary's knowledge, information and belief, the assets of the Plan held by MG Trust have a value of approximately $175,885 in assets as of July 3, 2006.

11. On information and belief, the custodian of records for the Plan is the Ingham Group (hereinafter "Ingham").

## Violations

12. Because of the facts and circumstances set forth in Paragraph 5-11, above, the Plan does not have a named fiduciary or trustee with exclusive authority and discretion to manage and control its assets as required by ERISA § 402(a), 29 U.S.C. § 1102(a); and ERISA § 403(a), 29 U.S.C. § 1103(a); and there is no one other than this Court with the authority to appoint a new trustee.

13. Because of the facts and circumstances set forth in Paragraphs 5-11 above, participants are unable to access their account balances, either to reinvest them in other tax-qualified retirement savings vehicles before retirement, or to draw them down upon retirement. Because the basis upon which payments are made from the plan are not and cannot be specified without a trustee, the plan exists in violation of ERISA § 402(b)(4), 29 U.S.C. § 1112(b)(4).

## Prayer for Relief

WHEREFORE, pursuant to section 502(a)(5) of ERISA, 29 U.S.C. § 1132(a)(5), plaintiff prays that the Court:

A. Appoint an independent fiduciary to administer the Plan, and effectuate the distribution of Plan assets to the participants and beneficiaries and the Plan's termination and,

B.   Provide such other relief as may be just and equitable.

DATED:   June 5, 2007
         New York, New York

                                    Respectfully submitted,

                                    /s/ JONATHAN L SNARE
                                    JONATHAN L. SNARE
                                    Acting Solicitor of Labor

                                    /s/ PATRICIA M. RODENHAUSEN
                                    PATRICIA M. RODENHAUSEN
                                    Regional Solicitor

                                    /s/ JOHN G. CAMPBELL
                                    JOHN CAMPBELL     JC-2125
                                    Attorney

                                    U.S. Department of Labor
                                    Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel.:  (212)337-2111
FAX:   (212)337-2112