USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/6/07

UNITED STATES DISTRICT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------

ELAINE L. CHAO, Secretary of Labor,　　　　　　:
United States Department of Labor,

　　　　　　　　　　　　　　　　　　　　　:　　Civil Action File

　　　　　　　　　　　Plaintiff,

　　　　　　　　　　　　　　　　　　　　　:　　No. 07-4843

　　　　　　v.

　　　　　　　　　　　　　　　　　　　　　:

ORBITEX FINANCIAL SERVICES GROUP, INC　　**ORDER**
401(K) PLAN,
　　　　　　　　　　　　　　　　　　　　　:
　　　　　　　　　　　Defendant.

------------------------------------------------------------------------

**WHEREAS**, this action was filed by the Secretary of Labor pursuant to Title I of the

Employee Retirement Income Security Act of 1974 ("ERISA" of the "Act"), 29 U.S.C. § 1001 et

seq., and by the authority vested in his by ERISA Section 502(a)(5), alleging that the Orbitex

Financial Services Group, Inc. 401(k) Plan ("the Plan") was in violation of ERISA Sections 402

and 403; and

　　　　I.　　　　The Plan was and is an employee benefit plan within the meaning of ERISA

§3(3), 29 U.S.C. §1002(3), and was established to provide benefits to employees of the plan

sponsor, Orbitex Financial Services Group, Inc., who were covered by a plan subject to Title I of

ERISA; and

　　　　II.　　　　This Court has subject matter jurisdiction over this action pursuant to ERISA §

502(e)(1), 29 U.S.C. § 1132(e)(1); venue of this action lies in the Southern District of New York

pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2); this Court has personal jurisdiction over

the Plan for all purposes relevant to this matter including the entry of this Order pursuant to

ERISA Section 502(d)(1), 29 U.S.C. § 1132(d)(1); and at times relevant to this action, the Plan

was an employee benefit plan within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3); and

1

III.     The Secretary has duly made service on the Plan as required by the provisions of ERISA §502(d)(1), 29 U.S.C. 502 (d)(1); and

IV.     The Plan and its authorized representative have now agreed to the appointment by this Court of an Independent Fiduciary; and

V.     The Plan neither admits nor denies the violations alleged by the Secretary; and,

VI.     The Secretary and the Plan now present for approval and entry of this Consent Judgment providing for the appointment of an Independent Fiduciary by this Court;

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT:**

1.     The *status quo* of the Plan shall be maintained pending an orderly transfer to the Independent Fiduciary.

2.     The Court hereby appoints Jacqueline M. Carmichael as the Independent Fiduciary of the Plan with authority to administer the Plan and, if necessary, implement its orderly termination. In performing his or her duties, the Independent Fiduciary shall have and exercise full authority and control with respect to the management or disposition of the assets of the Plan. The Independent Fiduciary shall collect, marshal, and administer all of the Plan's assets, evaluate all claims outstanding against it, and pay the assets out to participants and other creditors of the Plan; and take such further actions with respect to the Plan as may be appropriate.

3.     The Independent Fiduciary shall have all powers to do the things that are necessary and appropriate to administer and terminate the Plan.

4.     The Independent Fiduciary shall develop a plan for equitable adjudication and payment of outstanding participant claims for benefits. In developing this plan, the Independent Fiduciary shall consider the best interests of participants and beneficiaries of the Plan, and the resources expected to be available to the Plan. The Independent Fiduciary shall not be bound by

2

any current or historic procedures or policies of the Plan which conflict with his or her duties under ERISA.

5.      The Independent Fiduciary is empowered to require any custodian of the Plan's records to deliver or otherwise make available to the Independent Fiduciary any information, documents, files or other compilations, wherever and however stored; that are reasonably necessary to perform the duties of Independent Fiduciary under this Order.

6.      The Independent Fiduciary is empowered to give instructions to any custodian of the Plan's assets respecting the disposition of assets of the Plan.

7.      The Independent Fiduciary shall distribute or cause the distribution of the assets of the Plan in accordance with applicable Plan documents and Federal law.

8.      Upon completing such distribution, the Independent Fiduciary shall terminate the Plan in accordance with applicable plan documents, ERISA, and other applicable Federal law, 29 U.S.C. § 1001 et seq.

9.      The Independent Fiduciary shall be subject to the orders of this Court.  Within twenty days after the date of this Order, the Independent Fiduciary shall submit to this Court for approval his or her schedule of anticipated fees and expenses for this matter with copies of his or her submissions to be sent to all parties to this matter.

10.      In the performance of his or her duties, the Independent Fiduciary may retain such assistance as she may reasonably require, including attorneys, accountants, actuaries and other service providers.

11.      The payment of administrative expenses and fees to the Independent Fiduciary, her assistants, attorneys, accountants, actuaries and other necessary service providers shall be considered priority administrative expenses of the Plan superior to any other class of expense or

obligation. The Independent Fiduciary's second priority shall be the payment of legitimate claims on the Plan by its participants and beneficiaries.

12.    The Independent Fiduciary shall not be held personally responsible for any claims against the Plan or which existed, arose, matured or vested prior to the appointment of the Independent Fiduciary.

13.    Upon approval by this Court of the Independent Fiduciary's anticipated fees and expenses, this matter shall be deemed closed. However, the Independent Fiduciary may apply to the Court for clarification of this Order or enforcement of this Order's terms.

14.    The Independent Fiduciary shall obtain a bond pursuant to ERISA § 412, 29 U.S.C. § 1112. Since the beneficiary of the bond is the Plan, the Plan may pay for the cost of the bond. This provision may be satisfied by the Independent Fiduciary securing coverage for himself or herself under any bond currently in force with respect to the Plan, provided that the bond satisfies the provisions of the Act.

4

15.     Nothing in the foregoing Order shall be construed in derogation of the Court's

authority over the Independent Fiduciary's actions.

DATED:      _10/31/07_ , 2007
            New York, New York

THE ORBITEX FINANCIAL SERVICES
GROUP, Inc. 401(K) PLAN

By: _____
        MITCHELL APPEL
        As Trustee

Defendant

JONATHAN L. SNARE
Acting Solicitor of Labor

PATRICIA M. RODENHAUSEN
Regional Solicitor

By: _____
        JOHN G. CAMPBELL
        Attorney JC(2125)

IT IS SO ORDERED:

_____
UNITED STATES DISTRICT JUDGE
Nov. 6, 2007

5